**No. 46704.**—Protests 66238–K, etc., of New York Mdse. Co. et al. (New York).

Opinion by OLIVER, P. J.   The atomizers in question similar to those the subject of Abstract 44140 were held dutiable at 60 percent under paragraph 218 (f) as claimed.

**No. 46705.**—Protest 67360–K of New York Merchandise Co., Inc. (New York).

Opinion by OLIVER, P. J.   The atomizers in question similar to those the subject of Abstract 44140 were held dutiable at 60 percent under paragraph 218 (f) as claimed.

**No. 46706.**—Protests 864976–G, etc., of Eitinger Bead Co. (New York).

Opinion by OLIVER, P. J.   In accordance with stipulation of counsel wooden beads similar to those the subject of Abstract 38617 and black glass beads similar to those the subject of Abstract 35495 were held dutiable as beads, not specially provided for, at 35 percent under paragraph 1503 as claimed.

**No. 46707.**—Protests 23573–K, etc., of the Columbia Co. et al. (San Francisco).

Opinion by OLIVER, P. J.   In accordance with stipulation of counsel that the merchandise is the same as that passed upon in *Wing Duck* v. *United States* (6 Cust. Ct. 133, C. D. 446) the wines in question were held not to be distilled spirits and therefore not subject to the internal revenue tax.   The protests were therefore sustained as to certain of the items.

**No. 46708.**—Protest 961932–G of Shun On & Co. (San Francisco).

Opinion by OLIVER, P. J.   It was stipulated that certain of the wine in question is the same as that the subject of *Wing Duck* v. *United States* (6 Cust. Ct. 133, C. D. 446).   It was therefore held not to be distilled spirits and not subject to internal revenue tax.   Certain of the medicinal preparations containing less than 20 percent of alcohol by weight and more than 20 percent of alcohol by volume were held dutiable at 20 cents per pound and 25 percent ad valorem under paragraph 24 as claimed.   *Rapken* v. *United States* (25 C. C. P. A. 268, T. D. 49393) cited.   As this merchandise was found not to be distilled spirits it was held not subject to said internal revenue tax, following *Rapken* v. *United States, supra.*